Clyde A. Taylor v. Commissioner.
Taylor v. Commissioner
Docket No. 5939-70 SC.
United States Tax Court
T.C. Memo 1971-288; 1971 Tax Ct. Memo LEXIS 43; 30 T.C.M. (CCH) 1229; T.C.M. (RIA) 71288; November 9, 1971, Filed. Clyde A. Taylor, pro se, 1446 No. 40th Lawton, Okla. Michael J. O'Brien, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: The respondent determined a deficiency of $415.70 in petitioner's income tax for the taxable year 1968. The only issue for decision is whether petitioner is entitled to dependency exemption deductions for his three grandchildren. Findings of Fact Some of the facts have been stipulated and are so found. Petitioner, Clyde A. Taylor, filed a joint Federal income tax return with his wife, Pauline A. Taylor, for the taxable year 1968 with the internal revenue service center in Austin, Texas. On the date the petition herein was filed petitioner resided in Lawton, Oklahoma. The petition did not name petitioner's wife and she is not a party to this proceeding. *44 Petitioner's son, David Taylor, died in Vietnam in January 1966. David was survived by his wife, Marcia, and petitioner's three grandchildren, Jocelyn, Michael, and Shelly, whose ages were 8, 7, and 6, respectively, at the end of 1968. The grandchildren are all citizens of the United States, 1230 and each had a gross income of less than $600 for 1968. Petitioner's daughter-in-law, Marcia, was unable to provide adequate care for her three children after David Taylor died. She took the children to Oklahoma in early 1967, left them in petitioner's custody, and then departed for the Haight-Ashbury district of San Francisco. Jocelyn, Michael, and Shelly were well cared for by petitioner and lived with him and his wife for the final eight months of 1967 and the first eight months of 1968. The grandchildren were returned to Marcia for the final four months of 1968 and have remained with her since that time. Jocelyn, Michael, and Shelly each received $1,321 in social security benefits during 1968 and the entire amount received by each child was expended for support. The social security benefits received by each child for the first eight months of 1968 amounted to $881. In 1968 petitioner *45 and his wife contributed no more than $967 to the support of each of the three children. The total cost of support for each grandchild during the first eight months of 1968 did not exceed $1,848. This is the sum of the $881 in social security benefits received during that period plus the $967 which petitioner claims to have contributed toward the grandchildren's support. Petitioner claimed a dependency exemption deduction for each of his three grandchildren for the taxable year 1968. Such deductions were not claimed for 1968 by any taxpayer other than petitioner and his wife. Opinion Before petitioner can be allowed the claimed deductions he has the burden of proving that in 1968 he contributed more than one-half of the support of each grandchild. Sec. 152, Internal Revenue Code of 1954, [1]Rule 32, Tax Court Rules of Practice. In order to establish that he contributed "over half," petitioner must prove not only how much he paid toward the support of his grandchildren, but also the total amount expended for their support for the year. See sec. 1.152-1(a)(2)(i), Income Tax Regs.
*46 It was stipulated that each grandchild received $1,321 in social security benefits during 1968, that all of these benefits were expended for their support, and that petitioner contributed no more than $967 for the support of each of his grandchildren in that same year. Section 1.152-1(a)(2)(ii), Income Tax Regs., [2] provides that the social security payments must be included in the computation of the grandchildren's total support for the year. Thus, from the stipulation it is clear that petitioner did not provide more than one-half of his grandchildren's support for 1968. *47 However, at trial petitioner noted that $440 of the social security benefits for each child had been received by Marcia during the final four months of 1968, and he expressed doubt that she had expended any of that money for the support of his grandchildren. Even though petitioner is bound by his stipulation, we were impressed by his sincerity and demeanor and will reply to his testimony on this point. Petitioner admitted at trial that during the first eight months of 1968 he had received and spent for the support of each grandchild $881 in social security benefits. He also admitted having spent no more than $967 of his own funds for the support of each grandchild during those eight months. Thus, for the first eight months of 1968 petitioner personally contributed only $86 more toward the support of each grandchild than was contributed from other sources. Forgetting the stipulation for the moment, we still could not find, especially in the absence of convincing proof by petitione, that the grandchildren could have subsisted for the final four months of 1968 without 1231 having more than $86 expended for the support of each of them. Petitioner is to be highly commended for *48 his efforts on behalf of his grandchildren. However, faced with these facts we must hold that petitioner has not met his burden of proving that he furnished more than one-half of his grandchildren's support for 1968. Decision will be entered for the respondent. Footnotes
1. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * * (1) A son or daughter of the taxpayer, or a descendant of either * * *↩
2. (ii) In computing the amount which is contributed for the support of an individual, there must be included any amount which is contributed by such individual for his own support, including income which is ordinarily excludable from gross income, such as benefits received under the Social Security Act. For example, a father receives $800 social security benefits, $400 interest, and $1,000 from his son during 1955, all of which sums represent his sole support during that year. The fact that the social security benefits of $800 are not includible in the father's gross income does not prevent such amount from entering into the computation of the total amount contributed for the father's support. Consequently, since the son's contribution of $1,000 was less than one-half of the father's support ($2,200) he may not claim his father as a dependent.↩